Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
Telephone: (856) 429-8334
Attorney of Record: Amy Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SERKAN BUBAY,** | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **CENTRAL CREDIT SERVICES, LLC,** | |
| Defendant. | **(Unlawful Debt Collections Practices)** |

## **COMPLAINT**

SERKAN BUBAY ("Plaintiff"), by and through his attorneys, Kimmel & Silverman, P.C., alleges the following against CENTRAL CREDIT SERVICES, LLC. ("Defendant"):

### **INTRODUCTION**

1. Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of New Jersey therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Wayne, New Jersey 07470.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with its principal place of business located at 9550 Regency Square Blvd., Suite 500, Jacksonville, FL 32225.

8. Upon information and belief, Defendant is a corporation that provides call center, collections and debt purchase services to companies in the United States.

9. At all times material hereto, Defendant acted as a "debt collector[s]" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Upon information and belief, at all times material hereto, Defendant contacted Plaintiff in an attempt to collect a consumer debt.

12. Beginning in or around December 2014 and continuing through January 2015, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempts to collect an alleged debt.

13. Defendant's collectors called Plaintiff from telephone numbers including, but not limited to, (636) 224-3241, (636) 224-3392, and (563) 217-4329. The undersigned has confirmed that this number belongs to Defendant.

14. Defendant also failed to send anything in writing to Plaintiff setting forth his rights pursuant to the FDCPA.

15. Defendant's actions as described herein were taken with the intent to harass, abuse, and coerce payment from Plaintiff.

## COUNT I
### DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA

16. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

17. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

18.     Defendant violated §§ 1692d and 1692d(5) when it placed repeated and continuous harassing telephone calls to Plaintiff and when it continued calling Plaintiff's cellular phone despite never having consent to call Plaintiff on his cellular phone.

**COUNT II**
**DEFENDANT VIOLATED § 1692f OF THE FDCPA**

19.     A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

20.     Defendant violated § 1692f when it placed repeated calls to Plaintiff, and generally, when it used unfair and unconscionable means to collect the alleged debt.

**COUNT III**
**DEFENDANT VIOLATED § 1692g OF THE FDCPA**

21.     A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt

collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

22. Defendant violated § 1692g(a) by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising them of their rights to dispute the debt or request verification of the debt.

WHEREFORE, Plaintiff, SERKAN BUBAY respectfully prays for judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3); and
d. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SERKAN BUBAY, demands a jury trial in this case.

**CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Respectfully submitted,

Dated: May 15, 2015         /s/ Amy L. Bennecoff Ginsburg
                            Amy L. Bennecoff Ginsburg
                            Kimmel & Silverman, P.C.
                            1930 East Marlton Pike, Suite Q29
                            Cherry Hill, NJ 08003
                            Phone: (856) 429-8334
                            Facsimile: (877) 788-2864
                            Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT